UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DEVALL COMMERCIAL BARGE LINE, LLC** | * * * | CIVIL ACTION: |
| **VERSUS** | * * | JUDGE: |
| **APEX ENERGY, LLC AND ODIN MARINE GROUP, LLC** | * * | MAGISTRATE: |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## VERIFIED COMPLAINT

NOW COMES, Devall Commercial Barge Line, LLC ("Devall" or "Plaintiff"), who files this Complaint against defendants, Apex Energy, LLC ("Apex") and Odin Marine Group, LLC ("Odin" and/or sometimes collectively with Apex referred to as "Defendants"), and respectfully represents as follows:

1.

This is an admiralty and marine claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This Court has jurisdiction under 28 U.S.C. § 1333 and the General Maritime Law.

2.

Venue is proper in the United States District Court, Western District of Louisiana, because Devall is a Louisiana limited liability company that maintains its principal place of business in the Parish of Calcasieu, at 2244 Swisco Road, Sulphur, Louisiana 70665. Moreover, as set forth below, The parties herein entered into that certain Charter Party Contract (the "Contract"), which contains clause 29, entitled "LAW & FORM SELECTION," which

specifically states "[a]ny controversy, dispute, claim, demand, or lawsuit arising out of this Contract shall be brought in and decided in the U.S. District Court for the Western District of Louisiana, Lake Charles Division." *See* the Contract attached hereto as Exhibit "A."

3.

Defendants herein are:

a. Apex Energy, LLC ("Apex"), a foreign corporation who is doing business in the United States in the States of California and Texas, who at all times material, maintain registered offices in 655 Deep Valley Drive, Rolling Hills Estates, California 90274 and/or 363 North Sam Houston Parkway East, Suite 1100, Houston, Texas 77060; and

b. Odin Marine Group, LLC ("Odin"), a foreign corporation who maintained its registered offices in 90 Old Post Road, Suite 100, Southport, Connecticut 06890, but who regularly transacts business in the State of Louisiana.

4.

On or about the 20th day of May, 2015, Devall and Defendants entered into the Contract.

5.

In accordance with and pursuant to the Contract, Defendants time chartered four (4) ten thousand (10,000) barrel tank barges (collectively, the "Barges") and one (1) push boat (the "Boat," and sometimes collectively with the Barges, the "Vessels") to transport Apex's cargo in the inland waterways of the State of Texas, including the docks and ports in Corpus Christi, Texas and docks, fleets, and other berths in Houston, Texas.

6.

According to the Contract, charter hire commenced upon the Vessels' departure from Devall's fleet, which was on or about May 20, 2015.

7.

In accordance with the Contract, the Contract and charter hire continued until the above Vessels were "returned to owner's fleet with barges in a clean condition, as per clause 9" of the Contract, which was on or about June 9, 2015.

8.

The Vessels were under charter to Defendants for nineteen and one-half (19 ½) days.

9.

According to the Contract, charter hire was $10,500.00 U.S. dollars per day; however, Defendants breached the Contract by failing to timely pay for all charter hire.

10.

In addition to charter hire, in accordance with the Contract, Defendants agreed to pay for all costs and expenses related to fleeting of the Vessels, fuel for the Vessels, cleaning the barges at the end of the Contract, costs relating to lightering of the barges, and all tax, tolls, and user charges; however, Defendants have breached the Contract by failing to timely pay for certain costs and expenses including, but not limited to, fleeting, cleaning, fuel, lightering, etc.

11.

Furthermore, in accordance with the Contract, Defendants agreed as follows: "All charter hire, fleeting, cleaning of the barges, tankerman, fuel, and all other amounts due shall be subject to an interest charge of 1.5% per month beginning thirty (30) days after date of invoice."

12.

According to clause 21 of the Contract, Defendants also agreed that "in the event of any other default of CHARTERER [Defendants], CHARTERER shall pay all costs and reasonable attorney's fees incurred by OWNER [Devall] for the prosecution and collection of all charter

hire, fleeting, cleaning of the Barges, tankerman, fuel, and all other amounts payable to OWNER under this Contract."

13.

Devall submitted proper invoices to Defendants, totaling $297,464.42.  See Invoice Nos. 14355 (6/23/15), 104417 (6/30/15), 104481 (7/14'15), and 104605 (7/30/15), attached hereto as Exhibits "B," "C," "D," and "E," respectively

14.

Despite being presented with proper invoices, to date, Defendants have in bad faith failed to pay $79,871.81, which includes contractually required interest on amounts past due.

15.

On or about August 15, 2015, Devall retained the undersigned attorneys "for the prosecution and collection of all charter hire, fleeting, cleaning of the Barges, tankerman, fuel, and all other amounts payable to [Devall] under this Contract," because, at that time, Defendants had not paid any amounts due.  The amount of attorney's fees and costs continue to accrue, but to date, those costs and fees are approximately $5,000.00.

16.

Accordingly, Devall avers that it is entitled to recover the above amounts due under the Contract, as well as pre-judgment interest, attorney fees, and all other costs it incurs, pursuant to the terms of the Contract in force and in affect between the parties, a copy of which is attached hereto.

17.

Despite amicable demand, Defendants refuse and have not paid any amounts owed Devall under the Contract.

18.

Devall specifically avers that it is entitled to judgment in accordance with the Contract's, terms and provisions.  Devall is entitled to recover all amounts due to it as well as interest thereon, attorney's fees, and costs of collection, and other costs as may be taxable for breach of this Contract by Defendants.

19.

Further, Devall specifically avers that Defendants have breached the Contract in bad faith and Devall is therefore entitled to recover any and all extra-contractual remedies as the law allows.

WHEREFORE, Plaintiff, Devall Commercial Barge Line, L.L.C. prays for judgment in its favor, against the Defendants, Apex Energy, LLC and Odin Marine Group, LLC, awarding Devall all sums due under the Contract, together with costs, legal interests, attorney fees, and all other equitable relief.

Respectfully submitted,

/s/ Joseph A. Devall, Jr.
**JOSEPH A. DEVALL, JR. (#29149)**
**MIKE CERNIGLIA (#29792)**
KING, KREBS & JURGENS, P.L.L.C.
201 St. Charles Avenue, 45th Floor
New Orleans, LA 70170
Telephone:    (504) 582-3800
Facsimile:    (504) 583-1233
Email:        jdevall@kingkrebs.com
              mcerniglia@kingkrebs.com

*Attorneys for Devall Commercial Barge Line, L.L.C.*

**PLEASE SERVE:**
Apex Energy, LLC
Through its Registered Agent
CT Corporation System
1999 Bryan Street
Suite 900
Dallas, TX  75201

Odin Marine Group, LLC
90 Old Post Road
Suite 100
Southport, CT  06890